### In re THAMANN.*

[Cite as In re Thamann, 152 Ohio App.3d 574, 2003-Ohio-2069.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020348.

Decided April 25, 2003.

---

* Reporter's Note: The court sua sponte removed this case from the accelerated calendar.

John H. Metz, pro se.

Per Curiam.

{¶ 1} Brian Thamann retained John H. Metz as counsel for a wrongful-death lawsuit filed on behalf of himself and his minor daughter for the death of his wife, Meredith Thamann. On June 19, 1997, Brian Thamann entered into a contingency-fee agreement with Metz, whereby counsel would receive anywhere from thirty-three and one-third percent to fifty percent of the total amount recovered by Brian Thamann based on whether the lawsuit progressed to various levels of litigation. Brian Thamann was also responsible for his counsel's trial-preparation costs.

{¶ 2} On February 27, 2002, Metz filed an application for approval of a forty-percent contingency fee, as outlined in the 1997 contingency-fee agreement, for his work in the wrongful-death lawsuit in reaching a partial settlement of $75,000 with defendants Dr. Zayyatt, Good Samaritan Hospital, and Providence Hospital. Metz indicated that the underlying trial for the remaining defendants in the wrongful-death suit was scheduled to take place on October 15, 2002.

{¶ 3} On April 9, 2002, Metz and co-counsel Benjamin M. Maraan II filed a brief in support of the application for approval of the forty-percent contingency fee. It is undisputed that, as of the date of the brief's filing, Metz and Maraan had incurred expenses in excess of $30,000. In support of their motion, they argued that Sup.R. 71(I) and Loc.R. 71.2 of the Hamilton County Court of Common Pleas, Probate Division, were inapplicable in this case because they became effective after the contingency-fee agreement had been executed. Further, they requested that the court find unconstitutional Sup.R. 71(I) and Loc.R. 71.2 because they ran afoul of the United States Constitution.

{¶ 4} On May 1, 2002, the probate court denied the application for the forty-percent contingency fee. The probate court determined that Sup.R. 71(I) and Loc.R. 71.2 were inapplicable to this case because they were not in effect at the time the contract was executed. The probate court found instead that former C.P.Sup.R. 40(H) and former Loc.R. 39.1 governed the 1997 contingency agreement.

{¶ 5} The court determined that former C.P.Sup.R. 40(H) required prior court approval before a contingency-fee agreement became effective, and that former

Loc.R. 39.1 (effective July 1, 1984) required prior court approval for contingency-fee agreements in excess of thirty-three and one-third percent. The court reasoned that, because prior approval of the contingent fee was not sought in this case, and because the attorneys did not demonstrate good cause to grant an exception under Sup.R. 76, the 1997 fee agreement was not enforceable. The court also denied counsel's request to re-execute the contract. As a result, the court then limited attorney fees to thirty-three and one-third percent of any gross recovery.

{¶ 6} Metz appeals from the trial court's judgment. In his first assignment, Metz argues that the trial court abused its discretion in denying attorney fees in the amount provided under the contingency-fee agreement. For the following reasons, we reverse the judgment of the trial court.

{¶ 7} The probate court's determination of an appropriate fee award will not be reversed absent a showing of an abuse of discretion.[1] To demonstrate an "abuse of discretion," the complaining party must show that the court's attitude was "unreasonable, arbitrary, or unconscionable."[2]

{¶ 8} Metz argues that the probate court erred in applying amended Sup.R. 71(I) retroactively. The amended version of Sup.R. 71 was adopted on July 1, 1997, and was effective as amended on October 1, 1997. Amended Sup.R. 71(I) provides, "Prior to a fiduciary entering into a contingent fee contract with an attorney for services, an application for authority to enter into the fee contract shall be filed with the court, unless otherwise ordered by local court rule. The contingent fee on the amount obtained shall be subject to approval by the court."

{¶ 9} Metz is correct that Sup.R. 71 was not effective until after Brian Thamann had executed the contingency-fee agreement. However, based on the trial court's analysis, we cannot subscribe to Metz's argument that the court retroactively applied amended Sup.R. 71(I). While the court correctly noted that former C.P.Sup.R. 40 and amended Sup.R. 71 are analogous,[3] the court specifically stated in its decision that it had relied on former C.P.Sup.R. 40 when reducing the attorney fees.

{¶ 10} Former C.P.Sup.R. 40(H), effective September 1, 1984, provided that the court would not recognize minimum and maximum fees, but that prior court

---

1. See *In re Guardianship of Patrick* (1991), 66 Ohio App.3d 415, 416–417, 584 N.E.2d 86; *In re Thompson* 150 Ohio App.3d 98, 2002-Ohio-6065, 779 N.E.2d 816, at ¶ 6.

2. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

3. According to the comments in Sup.R. 71, former C.P.Sup.R. 40 is analogous to Sup.R. 71, and the second sentence of former C.P.Sup.R. 40(H) has been combined with former C.P.Sup.R. 39 to form Sup.R. 71(I).

approval of contingency fees was required. Former C.P.Sup.R. 40(H) provided, "The Court does not have, nor is there recognized, any minimum or maximum fees which will automatically be approved by the Court. Prior to a fiduciary entering into a contingent fee contract with an attorney for services, an application for authority to enter into the agreement shall be filed with the Court."

{¶ 11} Metz and Thamann entered into the contingency-fee agreement on June 17, 1997. Metz filed an application for approval of the contingency fee on February 27, 2002, nearly five years after Metz and Thamann had entered into the agreement. The probate court was, therefore, not required to follow the terms of the agreement because, prior to entering into the 1997 agreement, an application for authority to enter into the agreement had not been approved by the court.

{¶ 12} Despite this, we are persuaded that the probate court erred in automatically setting an attorney fee without reviewing the reasonableness of the attorney fees as required by former C.P.Sup.R. 40(A) and DR 2–106. We have held that where a court does not consider the reasonableness of the attorney fees, the case must be remanded for a hearing.[4] DR 2–106 provides that an attorney "shall not enter into an agreement for, charge, or collect an illegal or clearly excessive fee." To determine the reasonableness of the fee, the following considerations should apply:

{¶ 13} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.

{¶ 14} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.

{¶ 15} "(3) The fee customarily charged in the locality for similar legal services.

{¶ 16} "(4) The amount involved and the results obtained.

{¶ 17} "(5) The time limitations imposed by the client or by the circumstances.

{¶ 18} "(6) The nature and length of the professional relationship with the client.

{¶ 19} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.

{¶ 20} "(8) Whether the fee is fixed or contingent."[5]

{¶ 21} The record in this case does not establish that the probate court considered these reasonableness factors. Rather, after finding that the contin-

---

4. See *Thompson,* 150 Ohio App.3d 98, 2002-Ohio-6065, 779 N.E.2d 816, at ¶ 25.

5. DR 2–106.

gency-fee agreement lacked prior court approval, the court mechanically limited the attorney fees to thirty-three and one-third percent, which was the percentage for which no prior court approval of a contingency-fee agreement was required under former Loc.R. 39.1. Having failed to consider the reasonable value of the attorney's services in light of former C.P.Sup.R. 40(A) and DR 2–106, we must vacate the court's fee award and remand this case for a reasonableness hearing. Accordingly, we find the first assignment of error to be well taken.

{¶ 22} In his second and third assignments of error, which are presented together, Metz argues that the trial court erred in refusing to declare Sup.R. 71 unconstitutional as applied and that Sup.R. 71 and Loc.R. 71.2 violate Section 10, Article I of the United States Constitution.

{¶ 23} Metz first argues that Sup.R. 71(H) was unconstitutional as applied. As we have already noted, however, the trial court did not rely on Sup.R. 71 and Loc.R. 71.2 in making its decision in this case; thus, we need not address whether Sup.R. 71 was unconstitutional as applied.

{¶ 24} Next, Metz argues that Sup.R. 71 and Loc.R. 71.2 violate the Contracts Clause of the United States Constitution because the rules purport to void a contract for legal representation that is otherwise in compliance with DR 2–106. While we need not address the constitutionality of these rules here, as they were not applied by the probate court in this case, we note that we have addressed this precise challenge in *In re Thompson*[6] and have found the rules to be constitutional. Thus, we overrule the second and third assignments of error.

{¶ 25} In his fourth assignment, Metz alleges that the trial court violated public policy by refusing to enforce the contingency-fee agreement. Given our disposition of the first assignment of error, we find this issue to be moot. Accordingly, we need not address the fourth assignment of error.

{¶ 26} In sum, we reverse the judgment of the trial court and remand the cause for a hearing on the reasonableness of the attorney fees to be awarded to Metz.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., GORMAN and PAINTER, JJ., concur.

---

6. *Thompson*, 150 Ohio App.3d 98, 2002-Ohio-6065, 779 N.E.2d 98, at ¶ 26–29.