OPINION
{¶ 1} Appellant Goldberg, Persky, Jennings White, P.C. appeal the decision of the Mahoning County Probate Court which reduced the amount of appellant's attorney fees and litigation expenses. The issue presented in this appeal is whether the probate court abused its discretion in reducing the fees and expenses. Finding that it did, the judgment of the probate court is reversed and judgment is entered for appellant in the amount of $4,199.90 pursuant to the contingency fee agreement and $178.57 for expenses, for a total of $4,378.47.
 STATEMENT OF FACTS {¶ 2} Appellant represented the Estate of James D. Covington in its civil action for asbestos-related injuries. Appellant recovered $13,199.75 in partial settlements and administrative claims on behalf of the estate. Appellant requested $4,199.90 in attorney fees (1/3 of the award) and $178.57 in expenses. The probate court awarded appellant $3,071.64 in attorney fees and $0 in expenses. Appellant timely appealed raising two assignments of error and then subsequently filed a supplemental brief that raised two additional assignments of error.
 ASSIGNMENTS OF ERROR {¶ 3} "The probate court erred by reducing appellant's attorneys' fees sua sponte for interest in the amount of $1,128.26 when the record contains no basis for the reduction of appellant's attorney's fees."
 {¶ 4} "The probate court erred by retroactively using local rule 70.6 to vacate judgments entered prior to the promulgation of local rule 70.6."
 {¶ 5} "The probate court erred by assessing penalty interest against appellant's attorney's fees."
 {¶ 6} Assignment of error number one and supplemental assignments of error numbers one and two, due to their similarities, will be addressed together.
 {¶ 7} The payment of reasonable attorney fees lies within the sound discretion of the probate court. In re Estate of Fugate
(1993), 86 Ohio App.3d 293, 298. "An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law." In re Stillwell (Apr. 10, 2000), 12th Dist. No. CA99-06-112, citing In re Keller (1989),65 Ohio App.3d 650, 655. Sup.R. 71 states that attorney fees in all matters are governed by DR 2-106. DR 2-106 lists factors to be considered as guides in determining the reasonableness of the fee. Time, labor, novelty, fee customarily charged, and nature and length of the professional relationship are some of the factors. As such, the probate court's decision must be based upon evidence of the actual services performed by the attorneys and upon the reasonable value of those services. Stillwell, 12th Dist. No. CA99-06-112, citing Keller, 65 Ohio App.3d at 655.
 {¶ 8} Attached to the Application to Approve First Amended First Partial Application for Settlement and Distribution of Wrongful Death and Survival Claims (First Partial Application) and to the Second Partial Application for Settlement and Distribution of Wrongful Death and Survival Claims (Second Partial Application) are settlement summaries that include computation of attorney fees and interest. These summaries included the amount of money each defendant paid in the settlement, a computation of 1/3 attorney fees for each settlement, the length of time the settlement was held in an IOLTA account prior to being distributed to the estate attorney, the amount of interest accrued in that IOLTA account, and a computation of 10% interest on each settlement from the date it was received by appellant until the date it was transferred to the estate attorney. The probate court used this information to determine and lower the attorney fees. On the First Partial Application, the probate court subtracted the amount of interest accrued in the IOLTA account from the 10% interest figure. The probate court then took this number and subtracted it from the amount of attorney fees, which was 1/3 of the settlement amount. However, on the Second Partial Application the probate court added the amount of interest accrued in the IOLTA account to the 10% figure and then subtracted that amount from the 1/3 attorney fees.
 {¶ 9} Appellant claims that the probate court's reduction of attorney fees was an abuse of discretion. Appellant's supplemental brief explains that the probate court lowered its attorney fees under Probate Court Local Rule 70.6. It further explained that the probate court deducts penalty interest of 10% of gross settlement proceeds per annum against litigation counsel, minus accrued interest for all settlement proceeds not disbursed to the estate attorney within 90 days (and in some cases 30 days) of being received by litigation counsel. It is appellant's contention that the trial court erred in applying this rule to them given that it was a retroactive application and it abridged appellant's substantive rights. Appellant alternatively argues that this rule can only apply if the previous applications were inaccurate or incomplete and, as there is nothing in the record to show that this application was inaccurate, Loc.R. 70.6 does not apply to them.
 {¶ 10} Loc.R. 70.6 states:
 {¶ 11} "(A) Whenever it appears to the Court that a previousApplication To Approve Settlement And Distribution Of WrongfulDeath Claims * * * are inaccurate or incomplete for any reason, including the fact that the fiduciary, the attorney of record for the estate or the litigation counsel for such claims may have failed to fully or accurately disclose any matter the Court deems pertinent, including, inter alia, a failure to distinguish and disclose which defendants have actually paid, separate from which defendants have not yet paid any settlement sums, the fiduciary, the attorney of record for the estate and the litigation counsel shall be required to immediately report upon the status of such erroneous entries and pleadings. * * *." (Emphasis in Original).
 {¶ 12} The rule then goes on to explain what the report should include. In section (B) of this rule it states that the probate court "reserves the right to impose such sanctions as it deems appropriate for any failure to fully and accurately disclose the particulars of earlier settlements." Loc.R. 70.6.
 {¶ 13} This rule was adopted by the probate court on May 30, 2001. In the matter at hand, an Application to Approve Partial Wrongful Death Settlement was filed in the probate court on October 15, 1999. This application was approved by the magistrate that same day. Appellant contends that the First Partial Application to approve settlement was similar to the October 15, 1999 one. From the record it appears that this is true, the only difference between them is that the First Partial Application added one more defendant and settlement. Appellant then contends that the probate court's order on the First Partial Application vacates the October 15, 1999 entry and thus takes away appellant's property rights in legal fees that had been judicially determined 18 months earlier.
 {¶ 14} The fatal flaw in appellant's final contention is the fact that the October 15, 1999 order was a magistrate's order which apparently was never approved by the probate court. According to Civ.R. 53, a magistrate's order does not become effective until adopted by the court. Therefore, the contention that the October 15, 1999 journal entry was vacated is incorrect. A nonexistent order cannot be vacated. Furthermore, appellant must have realized that the October 15, 1999 magistrate's order was not adopted by the probate court because in February 2000 it filed a petition for expedited hearing for approval of attorney fees.
 {¶ 15} Yet, this does not mean that the rule was not applied retroactively. Section 5, Article IV of the Ohio Constitution provides that courts are prohibited from prescribing rules governing practice and procedure which "abridge, enlarge, or modify any substantive right." However, absent an express intention that a rule would operate retroactively a change in a rule affecting procedures should not apply to pending claims. SeeMartin v. Ohio Dept. of Human Serv. (1998),130 Ohio App.3d 512, 524, citing Tague v. Board of Trustees, Ohio State Univ.
(1980), 61 Ohio St.2d 136, 139.
 {¶ 16} At the time the first attorney fees were requested, Loc.R. 70.6 did not exist. It was not until approximately two years later that the rule was adopted by the probate court. Consequently, at the time this case was filed, Loc.R. 70.6 was not in effect. Statutes are prospective in application unless otherwise stated. R.C. 1.48. Rules, likewise, should be prospective in application. See In re Thamann,152 Ohio App.3d 574, 2003-Ohio-2069, at ¶9 (stating that the record did not show that a local rule was retroactively applied, rather it showed that the trial court relied on the old rule). It is unfair to require counsel to comply with a rule that was not in effect at the time of the original application. Furthermore, the rule in question, if it allows the reduction of attorney fees for failure to follow a 90-day limit, is substantive in nature rather than procedural. The rule affects the determination of who will receive attorney fees. Martin, 130 Ohio App.3d at 524
(discussing administrative regulations and retroactive application). Therefore, this local rule is inapplicable, and the rules in effect at the time of the original application do not provide a basis for lowering the attorney fees. Thus, the only other basis for lowering the fees would be found in the disciplinary rules.
 {¶ 17} As stated above, the reasonableness of attorney fees are based upon the time, labor, novelty, fee customarily charged, and the nature and length of professional relationship. DR 2-106. The record reveals that in the matter at hand appellant secured settlements with 16 defendants and a 35% contingency agreement was signed by the decedent. Upon submitting a request for attorney fees with the probate court, appellant lowered the attorney fees to 1/3. The probate court reduced the 1/3 attorney fees to 24% based upon Loc.R. 70.6. Obviously, the probate court found the 1/3 attorney fees to be a reasonable amount, since when it reduced the fees in accordance with Loc.R. 70.6, it used the 1/3 attorney fees as the starting point. The record supports the conclusion that the 1/3 attorney fees was a reasonable amount. However, the record does not support the reduction to 24%. As was explained above, Loc.R. 70.6 is inapplicable; thus the probate court abused its discretion in reducing what it found to be reasonable fees based on an inapplicable rule. The 1/3 attorney fees is reasonable, and thus stands without a reduction.
 {¶ 18} Furthermore, we note that in determining the amount to reduce the attorney fees by, the probate court used two different formulas. In the First Partial Application the probate court subtracted the amount of interest accrued in the IOLTA account from the computation of 10% per annum from the time the settlement was received by appellant from the defendant until it was distributed to the estate attorney. In the Second Partial Application, the probate court added the accrued IOLTA interest from the 10% per annum figure. Using two different computations to reduce the attorney fees was unreasonable and an abuse of discretion.
 {¶ 19} Given all the above, we find that the probate court abused its discretion in reducing the attorney fees in the manner it did. Therefore, these assignments of error have merit.
 ASSIGNMENT OF ERROR NUMBER TWO {¶ 20} "The probate court erred by failing to make provision for litigation expenses in the amount of $178.57 when the record contains no basis for the probate court's failure to provide appellant with litigation expenses."
 {¶ 21} Appellant contends that the trial court abused its discretion in denying $178.57 in litigation expenses without providing a basis for this denial. The standard of review for the grant or denial of litigation expenses is abuse of discretion.Arthur v. Arthur (1998), 130 Ohio App.3d 398, 411, citingMotorist Mut. Ins. Co. v. Brandenburg, 72 Ohio St.3d 157,1995-Ohio-281.
 {¶ 22} Appellant requested $178.57 in litigation expenses; the probate court denied this request. The litigation expenses consisted mostly of photocopying and postage.
 {¶ 23} This issue, like the above assignments of error, presents the question as to whether the probate court abused its discretion in denying costs. There is no support in the record for the denial of costs and the probate court provided no reasons for the denial. Thus, as above, this assignment of error has merit.
 {¶ 24} For the foregoing reasons, the judgment of the probate court is hereby reversed and judgment is entered for appellant in the amount of $4,199.90 pursuant to the contingency fee agreement and $178.57 for expenses, for a total of $4,378.47.
Donofrio, J., concurs.
DeGenaro, J., concurs.