OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, Appellant's brief, and its oral argument to this court. Appellant, Goldberg, Persky, Jennings 
White, P.C., appeals the decision of the Mahoning County Common Pleas Court, Probate Division, which reduced the amount of Appellant's attorney fees and litigation expenses. The issue presented in this appeal is whether the probate court abused its discretion in reducing the fees and expenses. This appeal raises the same issues we recently addressed in In re Covington, 7th Dist. No. 03 MA 98, 2004-Ohio-3639, and In Re: Windsor, 7th Dist. No. 03 MA 184, 2004-Ohio-xxxx. In those cases we held that the probate court could not apply a local rule retroactively to reduce the fees and expenses in question. The same reasoning applies here. Accordingly, the trial court's decision is reversed and judgment is entered for Appellant in the amount of $11,066.66 in attorney fees and $1,889.44 in expenses, for a total of $12,956.10.
 Facts {¶ 2} Appellant represented the estate of James Marsteller in its civil action for asbestos-related injuries. Appellant recovered $42,200.00 in partial settlements on behalf of the estate and filed the first of two applications to approve these partial settlements and distribute the proceeds on February 7, 2001. The probate court granted the attorney fees requested in Appellant's first application for partial settlement, but reduced the expenses from the requested amount of $780.64 to $176.33. In the second application for partial settlement, Appellant requested $11,066.66 in attorney fees and $1,108.80 in expenses. The probate court ordered payment of $388.50 in expenses and reduced the attorney fees by $265.70. Appellant's timely appeal raises the following three assignments of error:
 {¶ 3} "The Probate Court erred by miscalculating the amount of Appellant's attorney's fees."
 {¶ 4} "The Probate Court erred by assessing a penalty against Appellant's attorney's fees."
 {¶ 5} "The Probate Court erred by vacating its February 7, 2001 Entry allowing Appellant's litigation expenses in the amount of $780.64."
 Miscalculation of Attorney Fees {¶ 6} In its first assignment of error, Appellant argues that the trial court abused its discretion when it calculated Appellant's attorney fees as $10,666.66 in the entry approving the second partial settlement. In a footnote, Appellant contends that this is most likely a scrivener's error since it requested $11,066.66 in attorney fees.
 {¶ 7} Given the nature of Appellant's argument, we remanded the matter to the trial court so it could correct its judgment entry if the amount entered was the result of a clerical error. On remand, the trial court corrected its entry. The corrected entry now awards Appellant $11,066.66 in attorney fees. This has rendered Appellant's first assignment of error moot.
 Retroactive Application of Local Rule {¶ 8} In its second and third assignments of error, Appellant claims the trial court retroactively applied Mahoning County Probate Court Local Rule 70.6 against it to reduce its fees and expenses. According to Appellant, the probate court cannot retroactively apply newly promulgated Local Rules and that its decision to reduce the requested attorney fees and expenses in this case was an abuse of discretion. As stated above, we addressed the exact same issue in Covington and the recent companion case Windsor in ¶ 6-14 and 16-17.
 {¶ 9} The payment of reasonable attorney fees and litigation expenses lies within the sound discretion of the trial court.Covington at ¶ 7, 21. A probate court abuses its discretion when its decision is not supported by the record or is contrary to law. Id. Attorney fees in all matters are governed by DR 2-106. Sup.R. 71(A). DR 2-106 lists factors, such as time, labor, novelty, fee customarily charged, and the nature and length of the professional relationship, a court should use as a guide when determining the reasonableness of a fee. See DR 2-106(B). The probate court's decision regarding the reasonableness of fees must be based on the evidence of the actual services performed by the attorneys and upon the reasonable value of those services.Covington at ¶ 7.
 {¶ 10} In this case, settlement summaries, which included a computation of attorney fees and interest, were attached to the applications to approve the two amended applications for settlement and distribution of wrongful death claims. These settlement summaries included the amount of money each defendant paid in the settlement, a computation of 1/3 attorney fees for each settlement, the length of time the settlement was held in an IOLTA account prior to being distributed to the estate attorney, the amount of interest accrued in that IOLTA account, and a computation of 10% interest on each settlement from the date it was received by Appellant until the date it was transferred to the estate attorney. The probate court used this information to determine and lower the attorney fees in the second partial settlement. For this account, the probate court subtracted the amount of interest accrued in the IOLTA account from the 10% interest figure. It then took a figure close to this number and subtracted it from the amount of attorney fees.
 {¶ 11} In Covington and Windsor the same law firm which is Appellant in this case represented a decedent in asbestos-related litigation. In that case the same thing happened, the probate court reduced Appellant's attorney fees and expenses in amended applications for the approval of partial settlements. As Appellant explained in that case, the probate court took this action after it promulgated Loc.R. 70.6.
 {¶ 12} Under Loc.R. 70.6, the probate court deducts penalty interest of 10% of gross settlement proceeds per annum against litigation counsel, minus accrued interest for all settlement proceeds not disbursed to the estate attorney within 90 days (and in some cases 30 days) of being received by litigation counsel.
 {¶ 13} "Whenever it appears to the Court that a previousApplication To Approve Settlement and Distribution Of WrongfulDeath Claims * * * are inaccurate or incomplete for any reason, including the fact that the fiduciary, the attorney of record for the estate or the litigation counsel for such claims may have failed to fully or accurately disclose any matter the Court deems pertinent, including, inter alia, a failure to distinguish and disclose which defendants have actually paid, separate from which defendants have not yet paid any settlement sums, the fiduciary, the attorney of record for the estate and the litigation counsel shall be required to immediately report upon the status of such erroneous entries and pleadings. * * *." (Emphasis in original) Loc.R. 70.6(A).
 {¶ 14} The rule then goes on to explain what the report should include. In Loc.R. 70.6(B), the probate court "reserves the right to impose such sanctions as it deems appropriate for any failure to fully and accurately disclose the particulars of earlier settlements."
 {¶ 15} As in Covington and Windsor, Appellant contends that the trial court's decisions in the four amended partial applications improperly vacated earlier judgments. As inCovington, that argument is flawed since the "judgments" Appellant refers to are magistrate's orders which are not effective until adopted by the court. Covington at ¶ 14. Appellant "must have realized" this since "it filed a petition for expedited hearing for approval of attorney fees" after the magistrate entered his orders.
 {¶ 16} "Yet, this does not mean that the rule was not applied retroactively. Section 5, Article IV of the Ohio Constitution provides that courts are prohibited from prescribing rules governing practice and procedure which `abridge, enlarge, or modify any substantive right.' However, absent an express intention that a rule would operate retroactively, a change in a rule affecting procedures should not apply to pending claims. * * *
 {¶ 17} "At the time the first attorney fees were requested, Loc.R. 70.6 did not exist. It was not until approximately two years later that the rule was adopted by the probate court. Consequently, at the time this case was filed, Loc.R. 70.6 was not in effect. Statutes are prospective in application unless otherwise stated. * * * Rules, likewise, should be prospective in application. * * * It is unfair to require counsel to comply with a rule that was not in effect at the time of the original application. Furthermore, the rule in question, if it allows the reduction of attorney fees for failure to follow a 90-day limit, is substantive in nature rather than procedural. The rule affects the determination of who will receive attorney fees. * * * Therefore, this local rule is inapplicable, and the rules in effect at the time of the original application do not provide a basis for lowering the attorney fees. Thus, the only other basis for lowering the fees would be found in the disciplinary rules." (Citations omitted) Covington at ¶ 15-16.
 {¶ 18} Appellant filed the initial application to approve attorney fees in this case on February 7, 2001, more than a year before Loc.R. 70.6 became effective on March 14, 2002. For the same reason that it could not apply in Covington and Windsor,
Loc.R. 70.6 cannot apply here. For the same reasons stated at ¶ 16 and 17 in Windsor, the record here shows that the attorney fees and expenses submitted by Appellant were reasonable.
 {¶ 19} In this case, the estate signed a 35% contingency agreement with Appellant who secured settlements with twenty-five defendants. Upon submitting a request for attorney fees with the probate court, it lowered its attorney fees to 1/3. The probate court lowered the 1/3 attorney fees to 31% based on Loc.R. 70.6. "Obviously, the probate court found the 1/3 attorney fees to be a reasonable amount, since when it reduced the fees in accordance with Loc.R. 70.6, it used the 1/3 attorney fees as a starting point." Covington at ¶ 17. The record supports the trial court's conclusion that 1/3 attorney fees was a reasonable amount. As explained above, Loc.R. 70.6 is inapplicable. Accordingly, the probate court abused its discretion in reducing what it found to be reasonable fees based on an inapplicable rule.
 {¶ 20} The same holds true for the trial court's denial of the litigation expenses incurred by Appellant. The litigation expenses consisted mostly of photocopying, postage, medical reports, medical records, and court reporter fees. There is no support in the record for the denial of these expenses and the probate court provided no reason for the denial. Accordingly, it abused its discretion when it denied the requested expenses.
 {¶ 21} For the foregoing reasons, the judgment of the trial court is reversed. Judgment is entered for Appellant in the amount of $11,066.66 in attorney fees and $1,889.44 in expenses, for a total of $12,956.10.
Waite, P.J., concurs.
Donofrio, J., concurs.