OPINION
{¶ 1} Appellants, Attorney W. Chad Kelligher and the law firm of Goldberg, Persky, White, appeal from a Mahoning County Probate Court judgment determining their respective attorney fees for work done on the Estate of Clinton Campbell and a wrongful death action.
 {¶ 2} Kelligher is the attorney of record and successor administrator for the Estate of Clinton Campbell. Campbell had no assets at the time of his death. However, he was a plaintiff in litigation regarding his asbestos related injuries. Goldberg-Persky, a Pittsburgh law firm, was the counsel for the asbestos litigation. It received a settlement of $53,954.83 on Campbell's behalf. Kelligher commenced probate proceedings so that the wrongful death settlements could be collected and distributed.
 {¶ 3} Next, Kelligher filed a motion for approval of attorney fees. Goldberg-Persky also filed a motion for attorney fees and litigation expenses. The probate magistrate approved the requested fees. However, the court significantly reduced the fees for both and completely denied Goldberg-Persky's litigation expenses. Both appellants appealed to this court from that judgment. In re Estate of Campbell, 7th Dist. Nos. 02-CA-186, 02-CA-187, 2003-Ohio-7040. We found that the probate court abused its discretion in reducing both appellants' fees without holding a hearing or providing any reasons for doing so. Therefore, we remanded the case back to the probate court. We further instructed the court to indicate on the record its reasons for why it found the requested fees unreasonable.
 {¶ 4} After our remand, Kelligher filed a new motion for fee approval modifying his previous request to reflect the work he had performed through December 31, 2003. The magistrate then held a hearing on the issue of attorney fees. Both appellants presented evidence in support of their fees. Kelligher presented the testimony of another probate attorney as an expert on the reasonableness of his services and fees. The magistrate found that the expert's testimony was unpersuasive as it related to the reasonableness of the number of hours Kelligher spent on the case and his hourly rate. He went on to explain that there was no novelty to this case nor any difficult questions involved in it. The magistrate found that Kelligher's six hours of calls to the fiduciary and eight hours of calls to Goldberg-Persky were excessive. He also found that Kelligher's 17.6 hours for services related to the normal estate administration was excessive. Finally, he found that 35.7 hours for work related to the appeal of the probate court's previous judgment was not for the estate's benefit, but for Kelligher's own benefit. Therefore, the magistrate eliminated the hours spent on appellate work, reduced the hours spent on the telephone, reduced the time expended to a "more reasonable" time, and reduced Kelligher's hourly rate to $80 for out-of-court time and $100 for in-court time. Thus, the magistrate recommended Kelligher receive a total of $5,367.20 in fees.
 {¶ 5} As to Goldberg-Persky, the magistrate stated that Attorney Kelligher's fees should be deducted from Goldberg-Persky's fees. He reasoned that the attorneys from Goldberg-Persky are not licensed to practice in Ohio. Thus, Kelligher was the only Ohio-licensed attorney representing the estate. Furthermore, the magistrate noted that Goldberg-Persky had not objected to local attorney fees being deducted from its litigation fees.
 {¶ 6} The magistrate concluded that Goldberg-Persky's requested fees of $17,979.17 were reasonable and authorized, minus the $5,367.20 for Kelligher's fees. He also determined that some of Goldberg-Persky's litigation expenses were allowed since they were evidenced by cancelled checks and/or vouchers, while other litigation expenses were not allowed since there were either no cancelled checks or vouchers or were not authorized by the court.
 {¶ 7} The probate court adopted the magistrate's decision. It then entered judgment approving the settlement and distribution of the wrongful death claim. The court ordered payment of $5,367.20 to Kelligher. It then ordered payment of $12,611.97 to Goldberg-Persky, "less interest ordered in the amount of $5,103.96."
 {¶ 8} Both appellants filed timely notices of appeal from the court's judgment entry. We consolidated the two appeals but will address each appellant's assignments of error separately.
 {¶ 9} No appellee's brief was filed in these appeals. Thus, we may accept appellants' statement of the facts and issues as correct and reverse the judgment if appellants' briefs reasonably appear to sustain such action. App.R. 18(C).
 {¶ 10} Attorney Kelligher raises two assignments of error that share a common basis in law and fact. Thus, we will address them together. They state, respectively:
 {¶ 11} "THE MAHONING COUNTY PROBATE COURT ERRED BY ORDERING COMPENSATION OF ONLY $5,367.20 TO THE APPELLANT, THE ATTORNEY-OF-RECORD AND SUCCESSOR ADMINISTRATOR OF THE ESTATE OF CLINTON CAMPBELL, BECAUSE SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO REASONABLE SERVICES RENDERED TO THE ESTATE BY THE APPELLANT."
 {¶ 12} "THE MAHONING COUNTY PROBATE COURT ERRED BY ABUSING ITS DISCRETION IN ORDERING COMPENSATION TO THE APPELLANT, THE ATTORNEY-OF-RECORD AND SUCCESSOR ADMINISTRATOR OF THE ESTATE OF CLINTON CAMPBELL, IN THE AMOUNT OF ONLY $5,367.20 FOR SUBSTANTIAL, REASONABLE SERVICES RENDERED TO THE ESTATE OVER A PERIOD OF SIX YEARS."
 {¶ 13} Kelligher argues that the probate court abused its discretion and issued a judgment that was against the manifest weight of the evidence. He contends that the probate court refused to grant him reasonable compensation. He claims that he met his burden of proving his services and their reasonable value. Since the estate had no assets, Kelligher argues that he had to look to the wrongful death settlement for his fees. He notes that, in accordance with local rules, he filed three motions over a two-year period where he provided the court with a chronologically-itemized statement of his services rendered, the time he spent on those services, and the compensation he requested. Kelligher further points out that at the hearing, he presented an expert witness who testified as to the reasonableness of his time spent and requested fees. He notes that no evidence contradicted his expert's opinion.
 {¶ 14} Kelligher also points to an inconsistency in the court's judgment entries. In the court's September 24, 2002 entry, it approved appellant's compensation for $3,600, being 40 hours of services at $90 an hour. However, in the November 22, 2004 judgment, the court adopted the magistrate's decision, which stated that its ordinary hourly fee rate "has, and continues to be" $80 per hour for out-of-court work and $100 per hour for in-court work. Thus, Kelligher argues that the court cannot state that it has an established hourly rate at $80 per hour when it previously granted him fees for $90 per hour.
 {¶ 15} Next, Kelligher argues that the court failed to provide any reasons as to how it arrived at its conclusion that he spent only 64.34 hours of reasonable service on behalf of the estate. However, Kelligher does admit that the time he spent on the first appeal of this case should be subtracted from his total number of hours.
 {¶ 16} Finally, Kelligher points out examples that he contends indicate that the probate court acted unreasonably and arbitrarily. First, he notes that at the hearing the magistrate never questioned him about the services he rendered, yet the court concluded that he spent an excessive amount of time on a simple administration. Second, he claims that the court arbitrarily dismissed his expert witness's testimony as unpersuasive without reason. Third, he claims the court gave no reason whatsoever for dismissing approximately 60 hours of services.
 {¶ 17} The payment of reasonable attorney fees lies within the probate court's sound discretion. In re Estate of Fugate
(1993), 86 Ohio App.3d 293, 298, 620 N.E.2d 966. "An abuse of discretion will be found where the probate court's decision is not supported by the record or is contrary to law." In reStillwell (Apr. 10, 2000), 12th Dist. No. CA99-06-112, citingIn re Keller (1989), 65 Ohio App.3d 650, 655, 584 N.E.2d 1312.
 {¶ 18} R.C. 2113.36 speaks to attorney fees in probate proceedings. It states, in part, "[w]hen an attorney has been employed in the administration of the estate, reasonable attorney fees paid by the executor or administrator shall be allowed as a part of the expenses of administration. The court may at any time during administration fix the amount of such fees and, on application of the executor or administrator or the attorney, shall fix the amount thereof." R.C. 2113.36. The attorney seeking fees bears the burden of proving the reasonableness of his or her fees. Campbell, 7th Dist. Nos. 02-CA-186, 02-CA-187, at ¶ 11.
 {¶ 19} "Reasonable attorney fees must be based upon the actual services performed by the attorneys and upon the reasonable value of those services as determined from the evidence which must substantiate the award of fees as being reasonable." Watters v. Love (1965), 1 Ohio App.2d 571, 578,206 N.E.2d 39. Fees that are reasonable must be reasonable both from the standpoint of the attorney rendering the services and from the standpoint of the estate out of which payment is being made. Id. In determining the reasonableness of attorney fees, one must consider the factors set out in DR 2-106. Sup.R. 71. They are:
 {¶ 20} "(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 {¶ 21} "(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 {¶ 22} "(3) The fee customarily charged in the locality for similar legal services.
 {¶ 23} "(4) The amount involved and the results obtained.
 {¶ 24} "(5) The time limitations imposed by the client or by the circumstances.
 {¶ 25} "(6) The nature and length of the professional relationship with the client.
 {¶ 26} "(7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
 {¶ 27} "(8) Whether the fee is fixed or contingent." DR 2-106(B).
 {¶ 28} Thus, we must determine whether the probate court abused its discretion in reducing Kelligher's requested fees. Kelligher requested $18,122.22 in fees and expenses for 158.1 hours of work for his services both as counsel of record and as successor administrator of the estate. Since then, he has admitted that the 35.7 hours he spent on the previous appeal may be excluded from this number. Thus, appellant requests fees for 122.4 hours of work. Kelligher's requested hourly amount was $115. Thus, subtracting the fees for the time he spent on the previous appeal, Kelligher is requesting $14,016.72 ($18,122.22 — $4,105.50). As noted above, the probate court found he was entitled to only $5,367.20.
 {¶ 29} At the fee hearing, Kelligher testified and also presented an expert witness. No other evidence was presented.
 {¶ 30} Kelligher stated that he has acted as successor administrator and counsel for the estate since 1998. (Tr. 10). He stated that he submitted a chronological log of his services with his fee applications. (Tr. 10). Kelligher testified that he was requesting $115 per hour for his services, which he believed to be a reasonable fee for similar services in Mahoning and Trumbull Counties. (Tr. 13).
 {¶ 31} Kelligher's expert, John DeRhodes, is an attorney in Kent, Ohio who primarily handles probate and business matters. Kelligher sent DeRhodes copies of his fee request and services rendered for his review. DeRhodes testified that he was familiar with the estate from reviewing the filings. He opined that given the history of the case and the circumstances involved, Kelligher's services rendered and requested fees were reasonable. (Tr. 19-20, 28). DeRhodes further opined that the hourly rate was reasonable for Mahoning and Trumbull Counties and was even somewhat low. (Tr. 20). DeRhodes opined that $115 was a reasonable hourly rate for services rendered in a dual capacity as counsel of record and successor administrator. (Tr. 21, 28). DeRhodes stated that he also considered the facts that the decedent's only heirs were a sister and some nieces and nephews and that there is an expectation of more settlement monies coming into this estate on the wrongful death claim. (Tr. 22). In light of those circumstances, DeRhodes again opined that Kelligher's requested fees were reasonable. (Tr. 22).
 {¶ 32} Kelligher also submitted an exhibit that he asked DeRhodes to look at. He submitted the Ohio State Bar Association's 2001 Desk Top Reference on the Economics of Law Practice in Ohio. (Exhibit B). The book contained a reference of hourly rates of attorneys in Ohio for services rendered in wills, estates, and probate. The median hourly rate for the lowest percentile was $128. (Tr. 25). The median hourly rate specifically for Youngstown, Ohio was $124. (Tr. 26).
 {¶ 33} The magistrate also briefly questioned DeRhodes. His questions related to whether DeRhodes closely examined Kelligher's listing of services provided and the time it took him to complete certain tasks. (Tr. 29-30). DeRhodes stated that he closely examined everything and matched the work done against the hours allotted to it. (Tr. 29-30).
 {¶ 34} In light of this testimony, trial court abused its discretion in reducing Kelligher's fees so significantly. The court's decision is not supported by the evidence. The court reduced Kelligher's total number of hours spent to 64.34. However, it offered no support for most of this reduction.
 {¶ 35} The court adopted the magistrate's decision. In support of his decision, the magistrate stated that he found six hours of calls to the fiduciary and eight hours of calls to Goldberg-Persky to be excessive. He also found 17.6 hours for services related to the normal estate administration to be excessive. And he found that the 35.7 hours of work related to the previous appeal should be deducted as unbeneficial to the estate. Thus, he "eliminated the appellate hours, reduced the hours spent on the telephone to a more reasonable time, reduced the time submitted on this normal estate and wrongful death filings to a [sic.] hourly rate more in compliance with hours reasonable for such activities." The magistrate then concluded that 64.34 hours were reasonable.
 {¶ 36} These calculations are not supported by the evidence or the magistrate's reasoning. Subtracting the hours spent on the appeal was clearly reasonable. However, neither the magistrate nor the probate court gave any explanation as to how it determined that only 63.34 of the remaining 122.4 hours were reasonable, other than the comment about the excessiveness of the telephone calls and 17.6 hours spent on a normal estate. Even subtracting that time altogether from Kelligher's requested 122.4 hour still leaves 90.8 hours of services. That leaves 27.46 hours of services rendered that the court chose to simply wipe out without explanation.
 {¶ 37} In the probate court's judgment entry that led to the first appeal in this case, it stated, as support for its reduction of fees,
 {¶ 38} "Upon the Court's thorough review of the itemization of services rendered by Attorney Kelligher, its review of the entire record of this case, and in considering the factors delineated under DR2-106 as well as Sup.R. 71 and Local R. 71.1, at seq., the Court finds that Attorney Kelligher has reasonably expended forty (40) hours of service in the administration of this Estate and its related wrongful death claim and that a reasonable hourly rate for such services, which involve chiefly out of court services, amounts to $90.00 per hour. The Court therefore finds that a reasonable fee for all services rendered to date pursuant to Attorney Kelligher's motion of April 12, 2002 amounts to $3,600."
 {¶ 39} Despite our comment that the court arbitrarily made its decision, the court has again failed to provide reasons with support from the record as to why it reduced Kelligher's fees by so much. Once again, the court again simply determined that the requested fees were unreasonable despite the evidence to the contrary.
 {¶ 40} While this time the magistrate held a hearing on the issue of fees, most, if not all, of the uncontradicted evidence was disregarded. The magistrate did note that he found DeRhodes' testimony to be unpersuasive. However, it is the only evidence on the record as to the reasonableness of the fees, other than the OSBA reference book, which also supports the reasonableness of the requested fees. It was Kelligher's burden to produce evidence demonstrating the reasonableness of his fees. Campbell, 7th Dist. Nos. 02-CA-186, 02-CA-187, at ¶ 11. It seems that he met this burden. All of the evidence on record supports the reasonableness of his fees.
 {¶ 41} Thus, the probate court's decision is against the weight of the evidence. The court again acted arbitrarily in reducing Kelligher's fees by such a large amount. Accordingly, Kelligher's assignments of error have merit.
 {¶ 42} Goldberg-Persky raises two assignments of error, the first of which states:
 {¶ 43} "THE PROBATE COURT ERRED BY RETROACTIVELY ASSESSING PENALTY INTEREST AGAINST APPELLANT'S ATTORNEY'S FEES."
 {¶ 44} Goldberg-Persky argues that we have held on numerous occasions that the probate court may not assess penalty interest against settlement monies received before the effective date of Mahoning County Probate Court Local Rule 70.6.
 {¶ 45} This assignment of error challenges the penalty that the probate court imposed upon Goldberg-Persky's fees. It does not challenge whether the fees themselves were reasonable. In fact, the probate court determined that Goldberg-Persky's requested fee of $17,979.17 was reasonable. It then subtracted the sanction from this fee.
 {¶ 46} Whether or not the probate court had the authority to impose monetary sanctions is a legal question that is reviewed de novo on appeal. In re Estate of Traylor, 7th Dist. Nos. 03-MA-253, 03-MA-254, 03-MA-255, 03-MA-256, 03-MA-257, 03-MA-258, 03-MA-259, 03-MA-262, 2004-Ohio-6504, at ¶ 15. If the court had authority to impose monetary sanctions, the actual imposition of sanctions is reviewed for abuse of discretion. Id.
 {¶ 47} In its judgment entry approving the settlement and distribution, the probate court ordered that $5,103.96 was to be deducted from Goldberg-Persky's fee for interest. Though the court's judgment does not specify why this interest was deducted from Goldberg-Persky's fees, its previous judgment of September 24, 2002, which we subsequently reversed, gives the court's explanation. In that judgment the court stated:
 {¶ 48} "Additionally, the Court finds that the Estate was unduly hindered and delayed in the administration of the wrongful death claim by virtue of the fact that litigation counsel did not properly enter an appearance before this Court, pursuant to Sup.R. 71(I), that it accepted settlements purportedly on behalf of the Estate and/or fiduciary, without the prior approval of this Court as required by O.R.C. Chapter 2125, Sup.R. 70 and the Local Rules of this Court. Further, that in doing so, litigation counsel interfered with the duty of the fiduciary to properly receive and deposit such funds into interest bearing accounts for the purpose of enhancing the value of the Estate and/or its related claims. The Court shall therefore Order that the fee for litigation counsel, as noted above, shall be reduced by the interest which otherwise may have been added to this settlement, as calculated by litigation counsel, and deduct the sum of $5,103.96 from its * * * fee as a recoupment to the Estate."
 {¶ 49} Thus, the court deducted the $5,103.96 as penalty interest against Goldberg-Persky. The court took the entire settlement amount, including interest earned ($53,954.83), determined Goldberg-Persky's fee ($17,979.17 — $5,367.20 [for Kelligher's fees] = $12,611.97), and then subtracted the amount of interest it believed Goldberg-Persky cost the estate ($5,103.96). Thus, it determined that Goldberg-Persky was entitled to $7,508.01.
 {¶ 50} Appellant explains that the court penalized it under Loc.R. 70.6. Under Loc.R. 70.6(A):
 {¶ 51} "Whenever it appears to the Court that a previous Application To Approve Settlement And Distribution Of Wrongful Death Claims * * * are inaccurate or incomplete for any reason, including the fact that the fiduciary, the attorney of record for the estate or the litigation counsel for such claims may have failed to fully or accurately disclose any matter the Court deems pertinent, including, inter alia, a failure to distinguish and disclose which defendants have actually paid, separate from which defendants have not yet paid any settlement sums, the fiduciary, the attorney of record for the estate and the litigation counsel shall be required to immediately report upon the status of such erroneous entries and pleadings."
 {¶ 52} The rule then explains what the report should include. In section (B) the rule states that the probate court "reserves the right to impose such sanctions as it deems appropriate for any failure to fully and accurately disclose the particulars of earlier settlements." Loc.R. 70.6.
 {¶ 53} Loc.R. 70.6 became effective on March 14, 2002. Goldberg-Persky received the settlement in this case before that time.
 {¶ 54} We previously addressed this issue in several recent cases. See Traylor, 7th Dist. Nos. 03-MA-253, 03-MA-254, 03-MA-255, 03-MA-256, 03-MA-257, 03-MA-258, 03-MA-259, 03-MA-262;In re Estate of Marsteller, 7th Dist. No. 03-MA1-85,2004-Ohio-6214; In re Covington, 7th Dist. No. 03-MA-98,2004-Ohio-3639; In Re: Windsor, 7th Dist. No. 03-MA-184,2004-Ohio-6213. In those cases, we held that the probate court could not apply a local rule retroactively to reduce the fees and expenses in question. In Covington, we held:
 {¶ 55} "At the time the first attorney fees were requested, Loc.R. 70.6 did not exist. It was not until approximately two years later that the rule was adopted by the probate court. Consequently, at the time this case was filed, Loc.R. 70.6 was not in effect. Statutes are prospective in application unless otherwise stated. Rules, likewise, should be prospective in application. It is unfair to require counsel to comply with a rule that was not in effect at the time of the original application. Furthermore, the rule in question, if it allows the reduction of attorney fees for failure to follow a 90-day limit, is substantive in nature rather than procedural. The rule affects the determination of who will receive attorney fees. Therefore, this local rule is inapplicable, and the rules in effect at the time of the original application do not provide a basis for lowering the attorney fees." (Internal citation omitted.)Covington, 7th Dist. No. 03-MA-98, at ¶ 16.
 {¶ 56} Since Goldberg-Persky received the settlement proceeds in this case before Loc.R. 70.6 went into effect, it should not be penalized under that rule. As was the case in Traylor,Covington, Windsor, and Marsteller, Goldberg-Persky should be awarded the interest penalty amount of $5,103.96 as part of its fees. Accordingly, Goldberg-Persky's first assignment of error has merit.
 {¶ 57} Goldberg-Persky's second assignment of error states:
 {¶ 58} "THE PROBATE COURT ERRED DEDUCTING THE FEES OF THE SUCCESSOR ADMINISTRATOR/COUNSEL FOR FIDUCIARY FROM APPELLANT'S ATTORNEY'S FEES."
 {¶ 59} Here Goldberg-Persky argues that while Attorney Kelligher is owed fees for his work, those fees should not be deducted from its fees earned as litigation counsel. It contends that the fees should be deducted from the estate funds. Goldberg-Persky also notes that it does not object to paying Attorney Kelligher fiduciary's fees associated with bringing the applications for settlement and distribution of wrongful death settlements collected by it. However, it argues that the deduction of those fees from its fees was not discussed at the hearing. Therefore, no record was made as to what portion of the fees was reasonable to deduct.
 {¶ 60} In his decision, the magistrate stated:
 {¶ 61} "Goldberg, Persky cannot proceed in any Estate work related to this case file as none of their counsel is licensed to practice law within the State of Ohio. Thus, the present Ohio Counsel, Attorney Kelligher, was the only Ohio licensed practicing attorney admitted to represent the Estate. In doing so, he represents Goldberg, Persky as well as the beneficiary in prosecuting the instant claims. Accordingly, any fees paid by Goldberg, Persky is to be denied as a reimbursement of any possible claimed expense by Goldberg, Persky and are to be deducted from their litigation attorney fees. Counsel from Goldberg, Persky is well aware that any and all local attorney fees have been deducted from their fees in these cases, and did not raise any objections or question any of Attorney Kelligher's fees as to necessity or reasonableness during the instant hearing. Also, Goldberg, Persky has not objected to local attorney fees being deducted from their litigation attorney fees."
 {¶ 62} This issue was not brought up at the hearing by either of the appellants or the magistrate. Thus, there was no evidence or arguments regarding whether Kelligher's fees should be deducted from Goldberg-Persky's fees, and if so, how much should be deducted.
 {¶ 63} Goldberg-Persky agrees that it should pay Attorney Kelligher fiduciary's fees associated with bringing the applications for settlement and distribution of wrongful death settlements collected. By examining Kelligher's itemized list of services rendered, certain items seem to fall into this category. For instance, for September 23, 1998, Attorney Kelligher lists: "Draft Application for Approval of Wrongful Death Settlement; Draft Entry Approving Settlement; Draft Waivers and Consents; Draft letter to clients." He states that he spent 1.75 hours on these tasks and requested $201.25 for their performance. But there are so many listings involving phone calls, reviews, travel, and other items that it seems difficult to discern exactly which items were associated with bringing the applications for settlement and distribution of wrongful death settlements. Thus, the court needs to hold a hearing on this issue to determine which of Kelligher's fees Goldberg-Persky is responsible for.
 {¶ 64} As to the rest of Kelligher's fees, it is unreasonable for the court to order that these fees be deducted from Goldberg-Persky's fees. Goldberg-Persky entered into a contingency fee agreement with the estate to handle the asbestos litigation. Its work involved investigating the wrongful death claim and litigating it to settlement. Kelligher undertook the duties as successor administrator and counsel for the estate. His duties included filing an account, locating and dealing with heirs, and preparing applications to approve the settlement obtained by Goldberg-Persky. These are separate duties with separate fee arrangements. Thus, the probate court abused its discretion in ordering all of Kelligher's fees be taken from Goldberg-Persky's fees.
 {¶ 65} For the reasons stated above the probate court's judgment is hereby affirmed in part and reversed and remanded in part.
 {¶ 66} The judgment is affirmed as to the court's approval of the settlement and distribution of the wrongful death claims. It is also affirmed as to its determination of the amount of reimbursement Goldberg-Persky is entitled to for case expenses. The judgment is reversed as to its enforcement of interest penalty against Goldberg-Persky. Therefore, judgment is hereby entered in favor of Goldberg-Persky in the amount of $5,103.96, in addition to those fees already approved by the probate court. Additionally, the judgment is reversed and remanded as to the court's determination that Goldberg-Persky must pay all of Kelligher's fees. On remand, the court is to hold a hearing to determine which of Kelligher's fees are fiduciary fees associated with bringing the applications for settlement and distribution of wrongful death settlements for which Goldberg-Persky is responsible to pay.
 {¶ 67} The probate court's judgment determining Kelligher's fees is also reversed in part and remanded. That portion of the court's judgment approving payment of $5,367.20 for 64.34 hours of work performed on the estate and that portion disapproving payment of 35.7 hours of work performed on the appeal of this case are affirmed. That portion determining that Kelligher is not entitled to payment for the remaining 27.46 hours of work performed on the estate is reversed and remanded. On remand, the court is to re-determine whether Kelligher is entitled to fees for the remaining 27.46 hours he spent on this case.
Vukovich, J., concurs
DeGenaro, J., concurs