## GAUS v PENNSYLVANIA RD CO

Ohio Appeals, 3rd Dist, Allen Co

Decided Feb 16, 1937

## OPINION

By THE COURT

Under the provisions of §§10509-166 and 10509-167, GC, the sections under which this action was instituted, an action for wrongful death must be brought in the name of the personal representative of the deceased person for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent, and the jury may give such damages as it may think proportionate to the pecuniary injury resulting from such death, to the persons respectively, for whose benefit the action is brought. Funeral expenses of the decedent not being a pecuniary injury resulting from such death, to any of the specified beneficiaries, are not recoverable in an action brought under those sections Cincinnati, H. & D. Rd. Co. v Taylor, 17 C.D. 757. The change in the phraseology of the provisions of §10772 GC, in §10509-168 GC, which became effective January 1, 1932, did not change the measure of damages, or the rule of recovery, and relates only to the distribution of the proceeds, giving the Probate Court, in making the distribution, the right to consider as between the distributees entitled to the proceeds (and not as a measure of damages) funeral expenses and other items of expense mentioned.

Where one for whose benefit an action for damages for wrongful death is brought by an administrator under those sections, by his negligence contributes toward the injury which caused the death of the person for which the action is brought, damages cannot be awarded on account of the pecuniary loss to such beneficiary arising from such death. Wolf, Admr. v Lake Erie & Western Ry. Co., 55 Oh St 517. 45 NE 708, 36 L.R.A. 812, at pages 530, 531.

The evidence of George J. Gaus, surviving spouse of the decedent in this case, establishes as a matter of law that his negligence contributed toward the injury which caused the death of the decedent. Detroit, Toledo & Ironton Rd. Co. v Rohrs, 114 Oh St 493, 151 NE 714.. He was, therefore, barred from recovering damages as a beneficiary on account of the death. And if the funeral expenses had been a proper item of damages the recovery thereof for his benefit would have been barred.

The court, therefore, did not err in refusing to permit evidence of the amount

B. F. Welty, Lima, for appellant.

Wheeler, Bentley, Neville & Cory. Lima, for appellee.

of the funeral expenses as an item of damages to be recovered, and did not err in instructing the jury that George J. Gaus was contributorily negligent as a matter of law, and that in awarding damages the amount thereof must be confined to only such as will fairly and justly compensate the representative for the damages suffered by the married daughter, Mrs. Clifford Gray (the only child of decedent). Nor did the court err in instructing the jury that they could not consider the funeral expenses as part of the damages.

As shown by the bill of exceptions, the court in its general charge gave the following instruction to the jury:

"A person who passes over a railroad crossing in the country and fails to look for an approaching train is guilty of contributory negligence. * * *

"It was the duty of the plaintiff's decedent, before going upon or across defendant's railroad tracks, at the time in question, as has already been said to you, to use her senses of sight and hearing, to look in each direction and listen to see if trains were approaching."

The plaintiff assigns the giving of this instruction as error.

In the per curiam opinion in the case of **Board of Commissioners of Logan County v Bicher, Admrx., 98 Oh St 432, 121 NE 535,** it is stated:

"The guest is required to exercise ordinary care for his own safety and to reasonably use his faculties of sight and hearing to avoid danger incident to crossing the track. But it is the function of the jury to determine from the facts shown in each case whether the injured person used such care and what care the circumstances required.

"Plaintiff in error by the request made desired the court to instruct the jury what in the particular circumstances of this case a person of reasonable and ordinary prudence would do. Such a thing can only be determined from the circumstances, and these the jury must find."

The court in the instant case in the instruction complained of, attempted to instruct the jury as to what, under the particular circumstances of the case, a person of reasonable and ordinary prudence would do and, under the decision above referred to, the instruction was in this respect erroneous.

Although the charge was erroneous in the respect mentioned, the giving of this instruction does not constitute reversible error. There were three controlling issues in the case. First, the negligence of the defendant; second, the contributory negligence of plaintiff's decedent; third, the sole negligence of George J. Gaus, surviving spouse of the decedent. The determination by the jury of any one of these issues in favor of the defendant precluded the plaintiff from a recovery. The verdict of the jury was general, and no interrogatories were filed to determine upon which issue the jury found in defendant's favor, and under the general verdict the jury is presumed to have resolved all the issues in favor of the defendant. The issues of negligence of the defendant and sole negligence of George J. Gaus were properly submitted to the jury unattended by error, and were under the general verdict presumptively resolved in favor of the defendant. There is substantial credible evidence tending to support the verdict on each of these issues, and the verdict on these issues is not against the weight of the evidence. And under the rule announced in the case of **Knisely v Community Traction Co., 125 Oh St 131, 180 NE 654,** the error attending the submission of the issue of contributory negligence does not constitute ground for the reversal of the judgment.

The court did not err in failing to charge the provisions of §8968, GC, with reference to the duty of the railroad company to keep the right of way clear of weeds, high grass, etc., as this section on its face shows that it was passed for the benefit of abutting owners and not for the protection of travelers on the highway, and the plaintiff's decedent therefore did not come within the protection of this section.

The court did not err in refusing to charge plaintiff's special request No. 1 before argument, as it included an instruction to the jury that in the event it found certain facts it should find for the plaintiff for such an amount as is reasonable and just. This is an incorrect statement of the measure of damages under the sections of the statute mentioned, the correct measure of damages being the pecuniary value of the life of the deceased to the persons for whose benefit the action is brought, other than those whose negli-

gence contributed toward the injury which caused the death of the decedent. As the special request included an incorrect statement of the law it was properly refused.

Plaintiff's special request No. 4 was also properly refused in that in such special request the jury was not instructed as to the signals required by law to be given by a train approaching a highway grade crossing. The signals required to be given not having been defined, the legal requirements as to such signals were, under the request a matter of speculation for the jury and for this reason the special request was properly refused by the court.

The court did not err in failing to charge the provisions of §§10509-166, 10509-167 and 10509-168, GC, as there was no request that the provisions of such sections be charged. The provisions of §10509-168 GC apply to the duty of the Probate Court in making a distribution of the amount received by the personal representative and they have no bearing on the trial of the action in the Common Pleas Court.

The plaintiff made no objection to the court's proceeding to charge the jury after one of the plaintiff's counsel had made his opening argument and defendant's counsel had waived argument. No objection having been made or ruling had, error does not lie from the action of the court.

Finding no reversible error in the particulars specified in plaintiff's brief, the judgment of the Common Pleas Court will be affirmed.

Judgment affirmed.

GUERNSEY. PJ, CROW and KLINGER, JJ, concur.