MOSS, APPELLANT, *v.* HIRZEL CANNING CO., APPELLEE.[*]

(No. 805—Decided November 7, 1955.)

*Messrs. Spengler, Nathanson, Hebenstreit & Heyman,* for appellant.

*Mr. William A. Finn,* for appellee.

CONN, J. The Common Pleas Court sustained a demurrer of defendant to plaintiff's petition, dismissed the petition and entered judgment against plaintiff, from which this appeal is taken on questions of law.

Plaintiff alleges that he is the surviving spouse of Yvonne Moss; that on September 24, 1954, a motor truck of defendant, then being operated by its agent and employee and in a negligent manner, collided with an automobile in which Yvonne Moss was then riding as a passenger at the intersection of Bradner and Hanley Roads in Wood County; that Yvonne Moss was fatally injured and died almost immediately following the collision; and that decedent left surviving her the plaintiff and a daughter Sondra Lee Moss, age six years.

---

[*]Motion to certify the record settled and dismissed on application of the parties, February 15, 1956.

Plaintiff, in his petition, sets forth four specifications of negligence against the defendant in the operation of the motor truck and alleges that defendant's negligence was the proximate cause of the death of plaintiff's wife.

Plaintiff alleges that he incurred funeral expenses, consequent to the death of his wife, in the amount of $1,970.87; that he has been deprived of the services of his wife; that he will be required and will in the future expend large sums of money for the care and upbringing of his infant daughter; and that he has been deprived of the society and consortium of his wife; all to his damage in the sum of $35,000, for which he prays judgment.

The demurrer of defendant specifies two grounds, to wit:

1. That plaintiff does not have legal capacity to sue on the claim stated in the petition.

2. The petition does not contain facts which show a cause of action.

The trial court sustained defendant's demurrer on both grounds.

Where a wife is fatally injured and dies by the wrongful act of another, may the surviving spouse in his individual capacity recover from the tortfeasor funeral expenses incurred in the burial of the deceased, and, may he in his individual capacity recover expenditures for the care of his minor daughter and damages for loss of the services and consortium of his wife, as distinguished from expenditures and loss that can be recovered as damages by virtue of the wrongful death act and survival statute?

First, in regard to the right of action of plaintiff as surviving spouse to recover for expenses for decedent, the rule is uniformly recognized in this state that the wrongful death act, Section 2125.01, *et seq.*, Revised Code, creates a new right or cause of action and one that did not exist at common law, apart from the right of action which the injured person would have had if death had not ensued.

*Karr, Admr.,* v. *Sixt,* 146 Ohio St., 527, 67 N. E. (2d), 331; 13 Ohio Jurisprudence, 379, Section 29.

The next section of the act, Section 2125.02, Revised Code, provides that the action for wrongful death "must be brought in the name of the personal representative of the deceased per-

son, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent.''

Section 2305.21, Revised Code, the survival statute, provides for the survival of actions in addition to those which survive at common law, ''and such actions may be brought notwithstanding the death of the person entitled or liable thereto.''

In 16 American Jurisprudence, 51, Section 65, the writer points out the distinction between wrongful death and survival statutes. The former is regarded as creating a new right or cause of action, and the latter operates as a restriction upon the common law. Furthermore, the wrongful death action is an action for the wrong to the beneficiaries, while the cause of action which survives or is revived is the wrong to the injured person.

Two distinct rights of action are recognized in Ohio, as is disclosed by the reported cases, each maintainable by the personal representative of the deceased person, one for the exclusive, pecuniary benefit of the next of kin and the other for the benefit of the estate. We cite *Gibson* v. *Solomon,* 136 Ohio St., 101, 108, 23 N. E. (2d), 996, 125 A. L. R., 903; *Mahoning Valley Rd. Co.* v. *Van Alstine, Admr.,* 77 Ohio St., 395, 83 N. E., 601, 14 A. L. R. (N. S.), 893; *May Coal Co.* v. *Robinette, Admr.,* 120 Ohio St., 110, 165 N. E., 576, 64 A. L. R., 441. Plaintiff's right of action for funeral expenses is one not existing by virtue of the survival statute. It is a direct action under the common law, and it arises by reason of the duty of the husband to provide the wife necessaries for her livelihood and, upon her death, the duty to provide for her funeral services and a decent burial.

We call attention to the pertinent statement of the rule in 21 Ohio Jurisprudence, 368, Section 41, as follows:

''Although there is some conflict among the authorities generally, by the prevailing view, a husband is liable for his wife's funeral expenses, under both the common law and the modern statutes. In Ohio, at common law, it is the duty of the husband to dispose of the body of his deceased wife by decent sepulture in a suitable place, and, hence, it is clearly his duty to pay her burial expenses. The husband is liable upon the same principle that he is liable for necessaries furnished her while she lived, to prevent her from becoming a public charge; anyone may furnish her decent burial after death and recover

from the husband the amount so expended, as a matter of public policy."

See 41 Corpus Juris Secundum, 527, Section 61. 3 A. L. R. (2d), 936, Section 2.

Funeral expenses incurred by the surviving spouse for the funeral and burial of a wife who has sustained a fatal injury by the wrongful act of a third person, are not regarded as a pecuniary injury under the wrongful death statutes.

*Gaus, Admr.,* v. *Pennsylvania Rd. Co.,* 56 Ohio App., 299, 10 N. E. (2d), 635; *Cincinnati, H. & D. Ry.* v. *Taylor,* 17 C. D., 757; *Worley* v. *Cincinnati, H. & D. Rd. Co.,* 1 Handy, 481, 12 Dec. Rep., 247; 13 Ohio Jurisprudence, 506, Section 153.

Section 2125.03, Revised Code, authorizes the Probate Court to consider items of expense incurred by a beneficiary for the burial of the deceased in making distribution of proceeds among the beneficiaries. In the instant case, however, such a situation has not arisen. Plaintiff alleges in his petition that he incurred certain funeral expenses consequent upon the death of his wife. For the purposes of the demurrer, these allegations and others are admitted.

It is our conclusion that defendant's demurrer, so far as it relates to the funeral expenses incurred by plaintiff, is not well taken and should have been overruled.

Under the allegations of plaintiff's petition that his wife died almost immediately following the collision of the automobile in which she was riding, no operative facts are pleaded as a basis for claims on behalf of the estate of decedent, and none is claimed. It follows that the survival statute has no application here, under the allegations of the petition.

We recur to Section 2125.02, Revised Code, where it is provided that damages may be recovered in an action brought by the personal representative of the deceased for the exclusive benefit of the next of kin.

That statute contemplates such damages are recoverable as would fairly compensate the beneficiaries for their pecuniary loss. In the instant case, those damages would include the loss of services and consortium which plaintiff alleges he sustained as surviving spouse, and loss of services required and additional expenses to be incurred in the case of his young daughter.

It follows that plaintiff does not have the legal capacity to sue on the claims for damages which are exclusively recoverable under the wrongful death statutes and that, this being true, the demurrer of defendant directed to plaintiff's petition in this respect should be sustained for want of legal capacity to sue, and it is so ordered.

The judgment of the Court of Common Pleas dismissing the petition as to the claim for reimbursement for funeral expenses is reversed, and the cause is remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed and cause remanded.*

DEEDS and FESS, JJ., concur.