108

BURWELL, ADMR., APPELLEE, *v.* MAYNARD, ADMX., APPELLANT.

(No. 69-564—Decided February 18, 1970.)

*Messrs. Navarre, Rizor, DaPore & Pettit* and *Mr. Lawrence E. Major,* for appellee.

*Messrs. Eastman, Stichter, Smith & Bergman, Mr. Jamille G. Jamra* and *Mr. Patrick J. Johnson,* for appellant.

*Per Curiam.* It is agreed that the appellee, in his capacity as administrator for the estate of the deceased passenger, failed to present this statutory beneficiary's claim for wrongful death to the appellant within the four-month provision of Section 2117.06 and the nine-month provision of Section 2117.07, Revised Code. There is also no dispute that appellee, in his capacity as next friend for the minor and sole heir of the deceased passenger, did present the minor's claim to the appellant within nine months after the appointment, pursuant to Section 2117.07, Revised Code. Thus, the sole question involved in this case is whether the presentation to the executor or administrator of a claim for wrongful death by one of the statutory beneficiaries of that action is sufficient compliance with the provisions of Sections 2117.06 and 2117.07, Revised Code.

It is the appellant's contention that, under the provi-

sions of Sections 2117.06, 2117.07, 2117.12 and 2125.02, Revised Code, the personal representative of a deceased person whose death is the subject of a claim for wrongful death is the "claimant" who must present the claim to the executor or administrator of the deceased tortfeasor. In essence, it is argued that since the executor or administrator of the wrongfully deceased person is the only person who can bring the action under Section 2125.02, Revised Code, only he can present the claim under Sections 2117.06 and 2117.07.

Section 2125.02, Revised Code, provides, in part:

"An action for wrongful death must be brought in the name of the personal representative of the deceased person, but shall be for the exclusive benefit of the surviving spouse, the children, and other next of kin of the decedent."

In an action for wrongful death, the personal representative is merely a nominal party and the statutory beneficiaries are the real parties in interest. As this court stated in *Douglas* v. *Daniel Bros. Coal Co.* (1939), 135 Ohio St. 641, 647, 22 N. E. 2d 195:

"The requirement of the wrongful death statute that the prosecution of the action be in the name of the personal representative is no part of the cause of action itself, but relates merely to the right of action or remedy. That requirement was obviously intended for the benefit and protection of the surviving spouse, children and next of kin of a decedent, the real parties in interest. The personal representative is only a nominal party. *Wolf, Admr.*, v. *Lake Erie & W. Ry. Co.*, 55 Ohio St., 517, 45 N. E. 708, 36 L. R. A., 812. Nor does the statute require that the personal representative shall bring the action (*Wolf, Admr.*, v. *Lake Erie & W. Ry. Co., supra*), but merely provides that the action, if brought, shall be brought in the name of the personal representative. The only concern defendants have is that the action be brought in the name of the party authorized so that they may not again be haled into court to answer for the same wrong."

This court has also consistently held that the statutory

beneficiaries of a wrongful death action, because they are the real parties in interest, are subject to the principles of *res judicata*, are subject to claims of contributory negligence and are bound by a general release. See, for example, *Gibson* v. *Solomon* (1939), 136 Ohio St. 101, 23 N. E. 2d 996; *Wolf* v. *Lake Erie & Western Ry. Co.* (1896), 55 Ohio St. 517, 45 N. E. 708. See, also, *Brinkman* v. *Baltimore & Ohio Rd. Co.* (1960), 111 Ohio App. 317, 172 N. E. 2d 154.

Sections 2117.06 and 2117.07, Revised Code, were enacted by the General Assembly to provide for a uniform method whereby persons having claims against the estate of a deceased person can notify the executor or administrator of the existence of such a claim. The statutory procedures facilitate the early completion of administration proceedings.

In the case at bar, there is no doubt that the appellant-administratrix was notified of the existence of a claim against the estate of the alleged wrongdoer. The claim by the minor, the sole statutory beneficiary under Section 2125.02, Revised Code, was timely presented to the appellant, and such presentation was sufficient to satisfy the notice requirements of Sections 2117.06 and 2117.07, Revised Code. To hold that one qualified as a beneficiary under Section 2125.02, Revised Code, is not qualified to present a claim to the executor or administrator of the estate of the deceased wrongdoer under Sections 2117.06 and 2117.07, Revised Code, would be inconsistent with the principles stated above. It would also be paying obedience to form rather than recognizing that the statutory beneficiary of the wrongful death action is the real party in interest and that the appellant had sufficient timely notice of a claim against the estate.

Appellant argues against a conclusion that the statutory beneficiary of the deceased person can present a claim for wrongful death pursuant to Sections 2117.06 and 2117.07, while the personal representative of such deceased person is the only one who may prosecute that claim pur-

suant to Sections 2117.12 and 2125.02, Revised Code. Appellant sees such a rule leading "to confusion and chaos in the assertion of claims for wrongful death and in the administration of estates and of the laws pertaining thereto." An examination of the record in this case reveals that the appellee, as the personal representative of the deceased passenger, timely commenced the action for wrongful death pursuant to Sections 2117.12 and 2125.02, Revised Code. Thus, any alleged "confusion and chaos" is completely lacking in the case at bar.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., O'NEILL, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

MATTHIAS, J., not participating.