**In re ESTATE OF ROSS.**█

[Cite as *In re Estate of Ross* (1989), 65 Ohio App.3d 395.]

Court of Appeals of Ohio,
Geauga County.

No. 1436.

Decided Nov. 24, 1989.

*Marian Rose Nathan,* for appellants.

*Gibson, Caito, Harkins & Brelo Co., L.P.A., Mark A. Ziccarelli* and *Robert A. Boyd,* for appellees.

CHRISTLEY, Presiding Judge.

The facts of this action are not in dispute.

Appellee Frances D. Ross is the executrix for the estate of her late husband, James T. Ross. Appellants are various relatives of James Ross: his parents, Lloyd D. and Ann Dorothy Ross; his sister, Rita Ann Ross Knapik; and his brother, Lloyd D. Ross, Jr.

As executrix, appellee initiated two separate actions. In November 1986, she filed an action in the Geauga County Court of Common Pleas to probate her husband's will. In December 1986, she brought a wrongful death action in the Lake County Court of Common Pleas. Appellants intervened in both of these cases through various motions.

In relation to the probate case, appellants filed a motion for ratification of representation in August 1987. Appellants requested that the probate court name their attorney as co-counsel in the wrongful death action, alleging that they were the real parties in interest. After appellee filed the inventory and appraisal, appellants also moved the court to declare certain realty devised in the will to be a purchase-money resulting trust. In attached affidavits, the mother, Ann Ross, and the brother, Lloyd, Jr., averred that although title to the condominium in question was in the deceased's name, the parents had made all of the payments.

On September 18, 1987, a hearing was held on these and other pending motions. No evidence was presented. In addition to approving the inventory and appraisal, the probate court denied both of appellants' motions. As to the representation issue, the court held that appellee, as the personal representative, had the right to select the counsel for that action. In relation to the trust motion, the court stated that issue should be raised in a declaratory judgment action. The merits of this issue were not addressed.

Appellants then moved the probate court to reconsider its decision on the trust issue. Before the court could consider the motion, appellants appealed the decision on the first two motions. The probate court subsequently denied the motion to reconsider without comment.

Before the wrongful death action could come to trial in Lake County, appellants filed a motion for independent counsel. This motion raised the same basic issue as their motion for ratification of representation in the probate proceeding.

The wrongful death court also denied the motion, and appellants appealed that decision. See Lake App. No. 13-014, 1989 WL 143213.

After these appeals had been filed, this court granted a stay of the wrongful death action. However, appellee and the wrongful death defendant reached a settlement as to that action. Appellee then submitted the settlement and proposed distribution to the probate court for approval, which was granted. Appellants appealed this decision in Geauga App. No. 1480, 1989 WL 143203.

Once the settlement had been approved, the wrongful death court dismissed the action. Appellants appealed this in Lake App. No. 13-197, 1989 WL 143219. The probate court then approved a report on the distribution of the wrongful death proceeds. This was the subject of Geauga App. No. 1487, 1989 WL 143206.

In relation to the instant appeal, appellant has assigned the following as error:

"Where a beneficiary of an estate, claims prior title to realty listed in the inventory by virtue of a purchase money resulting trust and raises the issue by motion and makes a prima facie showing therein prior to approval of the inventory, the Probate Court erred and abused its discretion by approving the inventory without holding a prior evidentiary hearing, or declaratory judgment on the claim to impress a trust under its authority of R.C. 2101.24(B) [and] (C).

"Where the beneficiaries of an estate make a prima facie showing of their prior claim to title of realty included in the inventory, by virtue of a purchase money resulting trust, and that Executrix acted as a successor Trustee of the purchase money resulting trust, and their motion is denied at a non-evidentiary hearing on the inventory, and they thereafter file a Motion for Reconsideration making a prima facie showing that the Executrix knew and concealed from the Probate Court the decedent's intent that the mortgage debt of the purchase money resulting trust be the debt of the estate, and failed to timely make a claim with the estate with regard thereto in her capacity as trustee,

the Probate Court erred and abused its discretion in failing to vacate its Order approving the inventory and hold an evidentiary hearing, declaratory judgment or otherwise impress a trust with regard to the beneficiaries' claims.

"Where there is evidence by unrefuted affidavits of the real parties in interest and unrefuted written representations of their counsel before the Probate Court at a scheduled hearing on a motion as to whether the Executrix and her counsel were denying legal representation to the real parties in the wrongful death action pending in the common pleas court; and there was evidence that they had otherwise breached their fiduciary duty of disclosure of the relevant factual and legal details of the wrongful death suit, following due demand by counsel for the real parties in interest, and where this issue did not surface until shortly before the scheduled trial in the wrongful death action, the Probate Court erred and abused its discretion in denying without an evidentiary hearing the real parties in interest motion requesting the the [*sic*] Probate Court to ratify Marian Nathan to act as a trial attorney in the pending wrongful death suit."

Under their first assignment, appellants contend the trial court erred in approving the submitted inventory without holding an evidentiary hearing on their motion to declare certain realty to be a purchase money resulting trust. Since they argue they had established a prima facie case that the deceased only held legal title to a condominium included in the inventory, appellants maintain the probate court should have deferred its approval until this matter could be fully adjudicated. This argument is without merit.

The crux of appellants' argument is that once the probate court has approved the inventory without determining the trust issue, they will be barred under *res judicata* from raising this issue in a declaratory judgment action. In *Cole v. Ottawa Home & Savings Assn.* (1969), 18 Ohio St.2d 1, 47 O.O.2d 1, 246 N.E.2d 542, the Supreme Court held that a judgment on the issue of title to property included in an inventory cannot be collaterally attacked by the exceptor or other parties who were voluntarily before the probate court.

While appellants Lloyd, Jr. and Ann Ross did not file exceptions to the inventory, which is the correct procedure under R.C. 2115.16, their motion clearly raised the issue of whether the condominium should be part of the estate. However, in its judgment entry, the probate court did not address the merits of the motion. The court stated that the trust issue should be litigated in a declaratory judgment action.

Under existing case law, the court acted within its power in rendering such an order. In *In re Estate of Gottwald* (1956), 164 Ohio St. 405, 58 O.O. 235, 131 N.E.2d 586, the Supreme Court noted that an inventory hearing

under R.C. 2115.16 was a summary proceeding, since the statute did not provide for pleadings or the summoning of additional parties or witnesses. Under this summary procedure, the parties might not have a full opportunity to litigate the issues. Thus, while the probate court has the power to determine issues of title in an inventory hearing, " * * * it is a matter of discretion whether such summary proceeding shall be employed or the exceptor ordered to pursue other remedies." *Id.* at paragraph two of the syllabus.

Under these circumstances, *res judicata* would not bar the subsequent proceeding unless the probate court had already decided the issue. See *Cole, supra,* 18 Ohio St.2d at 7, 47 O.O.2d at 4, 246 N.E.2d at 546, citing *Bolles v. Toledo Trust Co.* (1940), 136 Ohio St. 517, 17 O.O. 156, 27 N.E.2d 145.

In this case, there is no indication that the presence of a third party was needed to properly settle the trust issue. However, the nature of the question, whether appellants, Lloyd and Ann Ross, were the equitable owners of the condominium, argues against the use of a summary proceeding. Thus, no abuse of discretion has been shown.

Before appealing the probate court's decision, appellants moved the court to reconsider the first issue. The motion stated that new evidence had been discovered, establishing that appellee knew her late husband was holding the title to the condominium in trust for his parents and intended to give them the property unencumbered. The motion also alleged that appellee had defrauded the bank holding the mortgage into not filing a claim with the estate. Under their second assignment, appellants claim the probate court erred in denying this motion.

 This court has noted on numerous occasions that the Ohio Civil Rules do not provide for a motion to reconsider at the trial level, and that it is accordingly considered a nullity. See *Sefcik v. Walker* (June 30, 1986), Trumbull App. No. 3561, unreported, 1986 WL 7311, citing *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105. Even if the motion had been characterized as one to vacate a judgment under Civ.R. 60(B), the court's judgment was rendered after appellants filed their appeal from the original entry; thus, this issue is not properly before this court. *Conway v. Smith* (1979), 66 Ohio App.2d 65, 20 O.O.3d 134, 419 N.E.2d 1117. In addition, appellants' motion does not address the basis of the prior judgment, as there is no indication why the points raised could not be put forward in a declaratory judgment action.

For these reasons, this assignment is not well taken.

 In the final assignment of this appeal, appellants contend the probate court erred in denying their motion for ratification of representation. As

noted earlier, this motion raised the same issue as appellants' motion for independent counsel in the wrongful death action, *i.e.*, do the beneficiaries of a wrongful death suit have the right to participate in the litigation through counsel separate from that appointed by the personal representative?

Appellants argue that as the real parties in interest in a wrongful death action, they have the right to appoint separate trial counsel to participate in the case, and that the denial of this right violates their right to counsel. They also maintain that appellee and her counsel are their agents and have a fiduciary duty to inform them of all of the facts in the litigation. These arguments lack merit.

R.C. 2125.02(A) provides that a wrongful death action "shall" be brought in the name of the deceased's personal representative. This and similar language has been interpreted to mean that only the personal representative has the legal capacity to sue under this statutory cause of action. *Moss v. Hirzel Canning Co.* (1955), 100 Ohio App. 509, 60 O.O. 397, 137 N.E.2d 440. If the action is brought by the beneficiaries, it must be dismissed or the correct party substituted. *Sabol v. Pekoc* (1947), 148 Ohio St. 545, 36 O.O. 182, 76 N.E.2d 84. Usually, the personal representative is the executor or administrator of the estate.

Yet it is equally settled that the representative is a nominal party, unless he is also a beneficiary, and that the beneficiaries are the real parties in interest. *Kyes v. Pennsylvania Rd. Co.* (1952), 158 Ohio St. 362, 49 O.O. 239, 109 N.E.2d 503; *Burwell v. Maynard* (1970), 21 Ohio St.2d 108, 50 O.O.2d 268, 255 N.E.2d 628. Thus, it has been stated that the statute is satisfied if the action is merely brought in the representative's name, *Kyes, supra,* and that the name requirement was designed to avoid multiple actions for the same wrong. *Burwell, supra.*

Based upon this precedent, appellants maintain that the personal representative acts as the agent of the beneficiaries during the litigation and is subject to their directions. However, appellants do not cite any authority for this assertion, which contradicts the general principle that the representative serves as a trustee for the beneficiaries. See *Kyes, supra; Gibson v. Solomon* (1939), 136 Ohio St. 101, 16 O.O. 36, 23 N.E.2d 996. Generally, a trustee is not considered an agent, since he acts for himself only. While the trustee works on behalf of the beneficiaries and must use prudent care in protecting their interests, he has a broad discretion in administering the trust.

Various considerations support the finding that the personal representative has similar discretion and is not under the direction of the beneficiaries. First, an executor generally has the right to appoint or select his own counsel. *In re Estate of Deardoff* (1984), 10 Ohio St.3d 108, 10 OBR 434, 461 N.E.2d

1292. While the representative is not acting on behalf of the estate in prosecuting the wrongful death actions, the same considerations apply. Second, the representative is still under the control of the probate court. For example, under R.C. 2125.02(C), the probate court must approve any settlement. See *Matz v. Erie–Lackawanna Rd. Co.* (1965), 2 Ohio App.2d 136, 31 O.O.2d 241, 207 N.E.2d 250 (only a representative, not a beneficiary, can settle a wrongful death action). Third, the actual prosecution of this action would be extremely difficult, if not impossible, if each beneficiary could direct the representative or appoint his own counsel to protect his interests.

However, the representative's discretion in choosing his attorney and directing the course of the litigation is not unlimited. He is still bound by his general fiduciary duties, and the beneficiaries can always initiate a proceeding in the probate court under R.C. 2109.24 to remove the representative if his conduct is not in the best interests of the beneficiaries. Cf. *In re Estate of Bost* (1983), 10 Ohio App.3d 147, 10 OBR 199, 460 N.E.2d 1156. In addition, the representative cannot exclude a beneficiary from having his interests determined in the action, since he must name the beneficiaries in the pleadings to maintain the suit. 30 Ohio Jurisprudence 3d (1981) 394, Death, Section 135.

Under these circumstances, appellants cannot successfully maintain that they have been denied their right to counsel. Unless the actions of appellee's attorney fall below the required standard, an action to remove appellee could not be maintained. Appellant's claim that appellee's counsel refused to cooperate is not sufficient or supported by the record. Thus, the probate court did not err in refusing to allow appellants' counsel to participate in the wrongful death action.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY and FORD, JJ., concur.