[Cite as *Burchett v. Larkin*, 192 Ohio App.3d 418 2011-Ohio-684.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

BURCHETT et al.,                        :

      Appellants,                    :      Case No.   09CA3305

      v.                                    :

LARKIN et al.,                       :      DECISION AND JUDGMENT
                                                    ENTRY

      Appellees.                    :

_____

APPEARANCES:

James H. Banks, for appellants.

Stephen C. Rodeheffer, for appellees.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 2-7-11

Per Curiam.

**{¶ 1}** This is an appeal from a Scioto County Common Pleas Court judgment that ordered Steven L. Burchett and Jean Burchett, plaintiffs below and appellants herein, along with their attorney, James H. Banks, to pay attorney fees to Patricia Larkin and Unity One Home Health Care, defendants below and appellees herein.

**{¶ 2}** Appellants raise the following assignments of error:

FIRST ASSIGNMENT OF ERROR:

     The trial court's judgment that the claims of plaintiffs-appellants are

frivolous because appellants were not the real party in interest, and the court's award of attorney fees on that basis, is contrary to law and equity such that the judgment below must be reversed.

SECOND ASSIGNMENT OF ERROR:

The trial court's award of attorney fees is contrary to law and equity such that the judgment below must be reversed.

THIRD ASSIGNMENT OF ERROR:

The trial court's refusal to consider appellants' motion to set aside its judgment entry upon remand by this court for such reconsideration is contrary to law and requires remand of the for [sic] such consideration.

{¶ 3}  On July 27, 2006, Cheryl L. Burchett died in an all-terrain vehicle accident.   Amy Papesh of the law firm Elk and Elk subsequently was appointed the administrator of the decedent's estate.   On August 27, 2007, the decedent's son, Steven J. Burchett, individually and as administrator of the estate of Cheryl L. Burchett, filed a wrongful-death complaint against Jerry L. Larkin and five John Does (*Burchett I*).

{¶ 4}  On July 24, 2008, the decedent's husband, Steven L. Burchett (individually and/or as spouse of Cheryl L. Burchett, deceased), and Jean Burchett filed a wrongful-death complaint against Jerry Larkin, Patricia Larkin, Unity One Home Health Care, and Scioto County (*Burchett II*).

{¶ 5}  On August 6, 2008, Jerry Larkin filed a motion to dismiss the *Burchett II* complaint.   He asserted that a complaint had already been filed by the administrator for the decedent's wrongful death, i.e., *Burchett I*.   He further requested attorney fees.

{¶ 6}  On August 20, 2008, appellants filed an opposing memorandum and alternatively requested the trial court to consolidate the action with *Burchett I*.   Appellants maintained that when they filed *Burchett II*, they were unaware of *Burchett I*.

**{¶ 7}**   On August 26, 2008, the court found that "the within cause is a re-filed action (case number 07-CIC-045) and was originally set before Judge William T. Marshall."   The court therefore transferred *Burchett II* to Judge Marshall.

**{¶ 8}**   On February 9, 2009, the trial court dismissed *Burchett II* due to appellants' failure to institute the action in the administrator's name.

**{¶ 9}**   On February 25, 2009, appellees filed a motion for attorney fees.   At the attorney-fee hearing, Banks testified that his clients retained him shortly before the statute of limitations was due to expire.   He stated that he was not aware that a wrongful-death action had already been instituted or that an estate had been opened.   He further testified that his clients had advised him that no other lawsuits were pending.   He admitted that he filed the action without obtaining an appointment for either client to be the administrator, but stated that he did so to protect against the statute of limitations.   Banks admitted that he received Rodeheffer's August 1, 2008 letter, in which Rodeheffer advised Banks that another lawsuit was pending, and that he did not immediately respond to this letter.   Banks stated that he did, however, respond to Rodeheffer's August 12, 2008 letter.   Banks's letter states:

> Your position that this lawsuit is frivolous under Rule 11 and/or R.C. 2323.51 is baseless, as is your position that my clients are not proper parties in this action and that the same is duplicative of another lawsuit filed by my client's son. Further, although I have reviewed the docket sheet you reference in your letter, I do not see where your clients have previously been named defendants in a matter involving mine and/or involving the estate of Cheryl Burchett.

**{¶ 10}**  Banks testified that he did not agree with Rodeheffer that his clients were not proper parties.   Banks observed that in *Burchett I*, Steven J. Burchett was named the plaintiff as the administrator of the estate, even though he had not been appointed.   Banks therefore questioned the validity of *Burchett I* and continued to pursue *Burchett II* in order to preserve his

clients' rights.

{¶ 11} The decedent's husband, Steven L. Burchett, testified that he initially retained the law firm of Elk and Elk to represent him, but he subsequently notified the law firm that he did not want it to represent him. He went to Banks after hearing that the statute of limitations might expire soon. He stated that when he went to Banks, he did not know whether an estate had been opened or whether another lawsuit was pending.

{¶ 12} On July 7, 2009, the trial court found that appellants' complaint "is totally devoid of merit." The court observed that appellants' attorney did not request the probate court to appoint his client the administrator until the court dismissed the complaint. The court further stated that Banks "cannot escape the fact that he filed a lawsuit knowing that [appellants] were not the real party in interest for prosecuting the claim." The court therefore determined that the case was frivolous and awarded appellees attorney fees. On July 31, 2009, appellants filed a notice of appeal.

{¶ 13} On November 2, 2009, appellants filed a motion to stay the proceedings and to remand the case "for the limited purpose of permitting the Trial Court to consider Appellants' motion for reconsideration of its order based upon events which have transpired since the filing of the Notice of Appeal in this case." On September 23, 2009, the Scioto County Probate Court issued an order appointing Steven L. Burchett as administrator of his wife's estate and ordered that "Steven L. Burchett shall be substituted as the correct party in the lawsuit pending in Scioto County Clerk of Court, Case No. 07 CIC 045."

{¶ 14} On November 6, 2009, we granted appellants' motion to remand. We stated that the "matter is remanded to the trial court for the limited purpose noted above," which was

appellants' "motion to remand this matter to the trial court for consideration of their motion for reconsideration."

{¶ 15} On remand, appellants filed a Civ.R. 60(B) motion for relief from judgment. On July 7, 2010, the trial court summarily dismissed appellants' motion for relief from judgment as beyond the scope of the remand. The court construed our remand as limited to considering a "motion for reconsideration."

{¶ 16} On July 16, 2010, appellants filed a "notice of intent to proceed and/or request for limited remand." Appellants requested this court to allow the appeal to proceed or, alternatively, to stay the proceedings and direct the trial court to rule upon their Civ.R. 60(B) motion.

{¶ 17} On July 26, 2010, this court placed the appeal on the active calendar.

{¶ 18} Appellants' first two assignments of error challenge the trial court's decision to award appellees attorney fees. Because the same legal principles apply to both assignments of error, we have combined them.

{¶ 19} R.C. 2323.51(B) authorizes a trial court to award attorney fees to any party adversely affected by frivolous conduct. R.C. 2323.51(A)(2) defines "frivolous conduct" to mean:

> (a)  Conduct of [a] party to a civil action, * * * or of the * * * party's counsel of record that satisfies any of the following:
>
> (i)   It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.
>
> (ii)   It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.
>
> (iii)  The conduct consists of allegations or other factual contentions that

have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶ 20} Courts must carefully apply R.C. 2323.51 "so that legitimate claims are not chilled." *Hickman v. Murray* (Mar. 22, 1996), Montgomery App. No. CA 15030, 1996 WL 125916, *5. As the *Hickman* court explained:

A party is not frivolous merely because a claim is not well-grounded in fact. *Richmond Glass & Aluminum Corp. v. Wynn* (Sept. 5, 1991), Columbiana App. No. 90-C-46, [1991 WL 172902, at *2]. Furthermore, the statute was not intended to punish mere misjudgment or tactical error. *Turowski v. Johnson* (1991), 70 Ohio App.3d 118, 123, quoting *Stephens v. Crestview Cadillac* (1989), 62 [64] Ohio App.3d 129, 134. Instead, the statute was designed to chill egregious, overzealous, unjustifiable, and frivolous action. *Turowski v. Johnson* (1990), 68 Ohio App.3d 704, 706.

Whether a claim is warranted under existing law is an objective consideration. *Lewis v. Celina Fin. Corp.* (1995), 101 Ohio App.3d 464, 473, citing *Ceol v. Zion Indust. Inc.* (1992), 81 Ohio App.3d 286, 291. The test, we find, is whether no reasonable lawyer would have brought the action in light of the existing law. In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim.

Id.

{¶ 21} Additionally, "[w]hen * * * reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct." *Ron Scheiderer & Assoc. v. London* (1998), 81 Ohio St.3d 94, 97-98, 689 N.E.2d 552.

{¶ 22} Whether conduct is frivolous is a question of law that an appellate court

independently reviews.   See *Passmore v. Greene Cty. Bd. of Elections* (1991), 74 Ohio App.3d

707, 712, 600 N.E.2d 309; see also *Burns v. Henne* (1996), 115 Ohio App.3d 297, 685 N.E.2d 294;

*Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 51, 673 N.E.2d 628; *Tomb & Assoc., Inc. v.*

*Wagner* (1992), 82 Ohio App.3d 363, 366, 612 N.E.2d 468.   Once a reviewing court finds that the

trial court's frivolous-conduct finding is substantiated, the decision to award attorney fees as a

sanction for that conduct rests within the trial court's sound discretion.   Consequently, we will not

reverse a trial court's decision to award attorney fees for frivolous conduct under R.C. 2323.51

absent an abuse of that discretion.   *Riley v. Langer* (1994), 95 Ohio App.3d 151, 159, 642 N.E.2d

1, overruled on other grounds in *Riston v. Butler*, 149 Ohio App.3d 390, 2002-Ohio-2308, at ¶ 22,

fn. 16; *Blackburn v. Lauder* (Nov. 12, 1996), Lawrence App. No. 96CA05, 1996 WL 666658.   An

abuse of discretion connotes more than a mere error of law or judgment; rather, it implies an

unreasonable, arbitrary, or unconscionable attitude on the part of the trial court.   See, e.g.,

*Franklin Cty. Sheriff's Dept. v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 498, 506, 589

N.E.2d 24; *Wilmington Steel Prods., Inc. v. Cleveland Elec. Illum. Co.* (1991), 60 Ohio St.3d 120,

122, 573 N.E.2d 622.

{¶ 23}   In the case sub judice, our independent review substantiates the trial court's finding

of frivolous conduct.

> R.C. 2125.02(A) provides that a wrongful death action "shall" be brought in
> the name of the deceased's personal representative.   This and similar language has
> been interpreted to mean that only the personal representative has the legal capacity
> to sue under this statutory cause of action.   *Moss v. Hirzel Canning Co.* (1955),
> 100 Ohio App. 509, 60 O.O. 397, 137 N.E.2d 440.   If the action is brought by the
> beneficiaries, it must be dismissed or the correct party substituted.   *Sabol v. Pekoc*
> (1947), 148 Ohio St. 545, 36 O.O. 182, 76 N.E.2d 84.

*In re Estate of Ross* (1989), 65 Ohio App.3d 395, 400, 583 N.E.2d 1379.

{¶ 24} In the case at bar, Banks filed the present lawsuit for wrongful death while knowing that neither appellant had been appointed the administrator of the decedent's estate. The wrongful-death statute plainly states that the action shall be brought in the personal representative's name. The failure to do so will result in a dismissal of the action, unless the proper party is substituted. Once opposing counsel alerted Banks to the fact that appellants had not properly instituted the case, Banks did not take any corrective action to request that the proper party be substituted or to have his client named the personal representative. Rather, the only action he took was to seek to consolidate the two cases. His action, however, was not properly instituted; and thus, consolidating the cases would not have corrected the error with his action. We emphasize that we do not fault Banks for filing the action. However, his subsequent conduct contributed to the opposing party's incurring attorney fees to defend against an action that clearly required either dismissal or substitution of the proper party. In the context of this case, Banks's failure to take any corrective action for approximately six months from the date of Larkin's motion to dismiss to the trial court's dismissal may be construed as frivolous conduct. Furthermore, although Burchett eventually requested the probate court to appoint him the administrator of his wife's estate, he did not do so until after the trial court dismissed the complaint.

{¶ 25} We recognize that in *Toledo Bar Assn. v. Rust*, 124 Ohio St.3d 305, 2010-Ohio-170, 921 N.E.2d 1056, the Ohio Supreme Court refused to find that a lawyer committed an ethical violation by filing a wrongful-death action on behalf of the administrator of a decedent's estate without obtaining the administrator's authority. In *Rust*, the administrator refused to authorize the wrongful-death action and demanded that Rust dismiss the action. Rust then requested the trial court to substitute the decedent's sole heir as the plaintiff, which the court

permitted.   The decedent's former guardian objected to the substitution, at which point Rust requested the trial court to stay the matter while he requested the probate court to substitute his client as the administrator.   The trial court subsequently vacated its substitution order and reinstated the estate administrator as the plaintiff in the wrongful-death action.   The trial court later dismissed the action.

{¶ 26} The Board of Commissioners on Grievances and Discipline found that Rust violated Prof.Cond.R. 1.16(A)(1) by filing a wrongful-death action that named the administrator when Rust knew that the administrator did not want to pursue the action.   Rust objected to the board's finding and argued that he had to file the action because his client, the decedent's only heir, wanted to file the action but the administrator did not, and because the statute of limitations was about to expire.   Rust maintained that his filing on the administrator's behalf was permissible under at least two cases.   The Ohio Supreme Court agreed and stated: "Because this precedent and its progeny at least arguably permitted respondent to file the action to avoid the statute of limitations for wrongful-death actions and to then obtain his client's appointment under the statute as the administrator of his mother's estate, we sustain the objection and find no misconduct."   Id. at ¶13.

{¶ 27} We find *Rust* distinguishable from the case at bar.   First, in *Rust*, the lawyer complied with the wrongful-death statute by instituting the action in the administrator's name.   In the case at bar, Banks did not institute the action in the administrator's name.   Banks has cited no case law that would authorize him to file the action without naming the personal representative of the estate as the plaintiff.   Second, in the case sub judice, the purported administrator had already filed a wrongful-death action, unlike the situation in *Rust* in which the prior action was no longer

pending.   Furthermore, once Rust learned of potential problems, he took corrective action.   In the case sub judice, Banks did not take corrective action.   Instead, his subsequent actions caused appellees to incur needless attorney fees.   Once again, we believe that the trial court's decision to award attorney fees to appellees, based in part upon the length of time that elapsed between Larkin's motion to dismiss and the court's dismissal (approximately six months), does not constitute an abuse of discretion.

{¶ 28}  Accordingly, based upon the foregoing reasons, we hereby overrule appellant's first and second assignments of error.

{¶ 29}  In their third assignment of error, appellants argue that the trial court erred by concluding that it could not consider appellants' Civ.R. 60(B) motion upon remand.

{¶ 30}  We note, however, that appellants did not file a notice of appeal from the trial court's July 7, 2010 decision to dismiss their motion.

{¶ 31}  Accordingly, based upon the foregoing reasons, we overrule appellants' third assignment of error and affirm the trial court's judgment.

Judgment affirmed.

ABELE and KLINE, JJ., concur.

MCFARLAND, J., concurs in judgment only.

_____